**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy J Vrettos, | No. CV-22-00408-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| USAA Casualty Insurance Company Incorporated, et al., | |
| Defendants. | |

On March 22, 2022, Defendant USAA filed an answer and a partial motion to dismiss. As to the claims that were subject to the motion to dismiss, USAA referenced the motion to dismiss in its answer in lieu of a traditional answer.

Plaintiff responded to the motion to dismiss and ultimately requested that if the Court granted the motion to dismiss, Plaintiff be given leave to amend. Defendant USAA appears to agree that Plaintiff should be given leave to amend. (Doc. 15). Defendant USAA attempted to enter into a stipulation with Plaintiff to this effect, but Plaintiff refused to enter such a stipulation. (*Id.*).

After the foregoing, Defendant USAA decided to unilaterally withdraw its motion to dismiss "so that Plaintiff may file a Second Amended Complaint." (*Id.*). The impact of this withdrawal is two-fold: 1) Plaintiff's request to amend her complaint if the Court grants the motion to dismiss is now moot; and 2) Defendant has not completely answered the operative complaint and the time to do so has expired. Additionally, given that Plaintiff would not enter into the stipulation, the Court does not know if Plaintiff actually wishes to

file a Second Amended Complaint.

Normally at this point in a case (i.e., a complaint has been filed, an answer has been filed, and no motions to dismiss are pending) the Court would set a Rule 16 scheduling conference. However, given Defendant USAA's odd maneuvering, the "answer" on file is not a complete answer.

The Court will require Defendant USAA to amend its answer to file an answer to all claims in the operative complaint. Defendant USAA may not refile its motion to dismiss with respect to this operative complaint for two reasons. First, Defendant USAA has filed a responsive pleading to this complaint (Doc. 6); thus, any motion under Federal Rule of Civil Procedure 12(b)(6) would be untimely as to this operative complaint under Federal Rule of Civil Procedure 12(b). Second, the previously filed, but now withdrawn, motion to dismiss violated Federal Rule of Civil Procedure 12(d)'s prohibition on attaching evidence to a motion under Federal Rule of Civil Procedure 12(b)(6); thus, it was not well taken.

If Plaintiff in fact wishes to file a Second Amended Complaint, Plaintiff must either file a motion to amend, or a stipulation to amend, within the deadline which will be set in this Court's scheduling order. If such a Second Amended Complaint is ever filed, Defendant USAA will be required to answer or otherwise respond to this filing within the time set by the Federal Rules of Civil Procedure.

Thus,

**IT IS ORDERED** that the partial motion to dismiss (Doc. 5) is deemed to be withdrawn (Doc. 15).

**IT IS FURTHER ORDERED** that an amended answer (Doc. 6) consistent with this Order is due within 7 days of this Order.

/ / /

/ / /

/ / /

/ / /

**IT IS FINALLY ORDERED** that an Order setting a Rule 16 scheduling conference will follow.

Dated this 21st day of April, 2022.

James A. Teilborg
Senior United States District Judge